IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:19-CR-19 (MTT) |
| | ) | |
| CHRISTINA WENTWORTH (9), | ) | |
| AMANDA TYQUIENGCO (12), and | ) | |
| CEERRIA HARRIS (16) | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Defendants Christina Wentworth, Amanda Tyquiengco, and Ceerria Harris, move for severance and for separate trials pursuant to Federal Rule of Criminal Procedure 14(a). Docs. 251; 260; 262. The motions are **DENIED**.

**I. BACKGROUND**

On June 12, 2019, the grand jury returned a superseding indictment charging a total of seventeen defendants in an eleven-count indictment. Doc. 29. Wentworth, Tyquiengco, and Harris were charged only in count one of the indictment, which charges all seventeen named defendants with conspiracy to possess with intent to distribute heroin. *Id.* at 1-2. On December 10, 2019, the grand jury returned a second superseding indictment that removed one defendant who had died and corrected minor typographical errors. Doc. 277. Wentworth, Tyquiengco, and Harris were again charged only in count one of the second superseding indictment with conspiracy to possess with intent to distribute heroin. *Id.* at 1-2.

Wentworth, Tyquiengco, and Harris make similar arguments in their motions to sever. Docs. 251; 260; 262. They each request a separate trial. Docs. 251 at 2; Doc.

260 at 1-2; Doc. 262 at 1-2.  They state they were not the targets of the investigation, and if all defendants are tried together, they will be subjected to an unfair and unreasonable risk of being found guilty by association.  *Id.*  They argue, without specific detail, that the defenses of the defendants are in conflict and antagonistic.  *Id.*  They state that much of the voluminous evidence relevant to their co-defendants is not relevant to their cases, but they will be prejudiced by it.  *Id.*  Neither Wentworth, Tyquiengco, nor Harris has specified exactly what evidence they are concerned about or exactly how this evidence would preclude a jury from fairly assessing their guilt or innocence.

## II. DISCUSSION

It is a "'well-settled principle that it is preferred that persons who are charged together should also be tried together,' particularly in conspiracy cases." *United States v. Smith*, 918 F.2d 1551, 1559 (11th Cir. 1990) (citations omitted).  Federal Rule of Criminal Procedure 14(a) specifies:  "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  "In considering a motion to sever, the district court must balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency." *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (quotation marks and citation omitted).

The Eleventh Circuit has provided a two-part inquiry to determine whether severance should be granted.  *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004) (citing *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993)).  First, the court must determine if the defendant will indeed suffer prejudice from a joint trial. *Id.* at 1122.  If so, then the court must determine whether severance is the proper remedy for

that prejudice. *Id*. Severance is only required when a defendant "demonstrate[s] that a joint trial will result in specific and compelling prejudice to the conduct of his defense," which other curative measures cannot mitigate. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). Indeed, severance is only mandatory in two scenarios: (1) when a joint trial leads to the denial of a constitutional right and (2) when a joint trial would prevent the jury from making a reliable judgment about the defendant's guilt or innocence. *Blankenship*, 382 F.3d at 1123 (citing *Zafiro*, 506 U.S. at 539). Defendants hold a "heavy burden" to prove severance is mandatory, "which mere conclusory allegations cannot carry." *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993).

Wentworth, Tyquiengco, and Harris argue generally that severance is proper because (1) their defenses will be tainted by the potentially voluminous evidence against other co-defendants and (2) their defenses are in conflict and antagonistic to those of other co-defendants. Even if they will suffer some prejudice from these circumstances, they have not established "specific and compelling prejudice to the conduct of [their] defense[s]" to require severance. *See Schlei*, 122 F.3d at 984.

First, holding a joint trial when there is voluminous evidence against other co-defendants does not deny defendants a constitutional right. *See Schlei*, 122 F.3d at 984 ("The mere fact that there may be an enormous disparity in the evidence admissible against [one defendant] compared to the other defendants [does] not [require severance]." (quotation marks and citation omitted)). And a defendant is not necessarily denied a constitutional right when his defenses are antagonistic or in conflict with those of jointly tried co-defendants. *Zafiro*, 506 U.S. at 538-39 (stating that "[m]utually antagonistic defenses are not prejudicial *per se*" and does not mandate severance).

Nor have Wentworth, Tyquiengco, and Harris, all of whom are alleged to be members of the conspiracy, established that a jury could not make a reliable judgment. In *United States v. Blankenship*, the Eleventh Circuit described three circumstances in which a jury could not make a reliable judgment, none of which are present here. Wentworth, Tyquiengco, and Harris have not established there is evidence, which would not be admissible against them but is admissible against one or more of their co-defendants, that "is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." *Blankenship*, 382 F.3d at 1124. Next, this is not a case "in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." *Id.* And finally, Wentworth, Tyquiengco, and Harris are not "charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." *Id.* at 1125.

Therefore, balancing the prejudice that Wentworth, Tyquiengco, and Harris may suffer from a joint trial against the public's interest in judicial economy and efficiency, the Court finds that severance is not required and any prejudice to Wentworth, Tyquiengco, and Harris may be adequately mitigated through other curative measures.

### III. CONCLUSION

Accordingly, the Defendants' motions to sever, Docs. 251; 260; 262, are **DENIED**.

**SO ORDERED,** this 12th day of February, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-4-